UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EUGENE JONES and MELISSA JONES, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | No. 3:17-cv-00231 (MPS) |

**RULING ON MOTION TO DISMISS**

The plaintiffs, Eugene and Melissa Jones, bring suit against the defendant, Allstate Insurance Company ("Allstate"), based on the latter's alleged refusal to honor the terms of the plaintiffs' homeowner's property insurance policy. The plaintiffs sets out two claims against Allstate: (i) specific performance (count one); and (ii) breach of contract (count two). Allstate moves to dismiss count one of the plaintiff's complaint. The plaintiffs have not filed a response to the motion. For the reasons set forth below, Allstate's motion is denied.

**I.      Factual Allegations**

The plaintiffs make the following factual allegations in their amended complaint, which I assume to be true.

The plaintiffs own property located in New London, Connecticut. (ECF No. 23, Count One, at ¶ 1).[1] At all times relevant to this case, the plaintiffs "were insured under a homeowner's

---

[1] Since the plaintiffs include all of their factual allegations in the counts set out in their complaint and restart the numbering of their paragraphs with each count, I cite their factual allegations using the particular count under which they fall.

1

property insurance policy issued by the defendant." (*Id.* at ¶ 3). "On or about March 1, 2015 and days and weeks thereafter, while said policy was in full force and effect, a snow and/or ice storm caused damage to [the plaintiffs'] home and personal property." (*Id.* at ¶ 4). Despite the fact that the plaintiffs' insurance policy with Allstate included "the right to an appraisal of the loss," (*id.* at ¶ 5), Allstate "refused and/or failed" to provide such an appraisal. (*Id.* at ¶ 6). The plaintiffs "are entitled to a determination through the appraisal process of the amount of the total loss made by an appraisal panel consisting of competent and independent appraisers and an independent umpire," (*id.* at ¶ 7), and have "no adequate remedy at law" to attain such relief. (*Id.* at ¶ 8).

## II. Legal Standard

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ray v. Watnick*, 688 F. App'x 41 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted)). While the Court must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008), it must grant the moving party's motion if "a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims. . . ." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004).

## III. Discussion

Since the plaintiffs declined to file a response to State Farm's motion to dismiss, I must determine whether the plaintiffs' "pleadings provide sufficient grounds to deny the motion." Local Civ. R. 7(a)(1).

Allstate's sole argument in its motion to dismiss the first count of the plaintiffs' complaint—which comprises a demand for specific performance—is that specific performance "is more appropriately considered a remedy, as opposed to a separate, stand-alone cause of action." (ECF No. 24 at 4). However, several Connecticut courts have entertained stand-alone specific performance causes of action. *See Kevalis v. Nationwide Mut. Ins. Co.*, No. CV020079667S, 2003 WL 539722, at *2 (Conn. Super. Ct. Feb. 11, 2003) (denying motion to strike counts for specific performance on basis that "although plaintiffs were not required to plead specific performance as a separate equitable cause of action, [the defendant] has not asserted a sufficient ground to strike the [counts]"); *Stevens v. Allstate Ins.*, No. CV00071957S, 2002 WL 237330, at *1 (Conn. Super. Ct. Jan. 24, 2002) ("The plaintiff has alleged the necessary elements for a claim of specific performance and thus may plead in the alternative seeking the equitable remedy."). Also, the Connecticut Supreme Court has entertained stand-alone causes of action for specific performance. *See DeBlasio v. Aetna Life & Cas. Co.*, 186 Conn. 398, 398 (1982) (noting that the plaintiff sought "specific performance of an automobile insurance contract"); *Bender v. Bender*, 292 Conn. 696, 702 (2009) (affirming trial judge's decision dismissing "plaintiffs' count seeking damages for breach of contract . . . but rendering judgment in favor of the plaintiffs on the count for specific performance"). Thus, although Allstate is correct that the plaintiffs did not have to plead specific performance as a separate cause of action, their decision to do so does not merit the dismissal of the claim.

I therefore deny Allstate's motion to dismiss the plaintiffs' first count.

## IV.     Conclusion

For the reasons set forth above, the motion to dismiss (ECF No. 24) is hereby DENIED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           January 22, 2018